**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA J. BLANCETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant.　　　　／ | Case No. 1:20-cv-00253-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 30) |

## I.　INTRODUCTION

On April 18, 2023, Jacqueline A. Forslund ("Counsel"), counsel for Plaintiff Donna J. Blancett ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"). (Doc. 30.) On April 19, 2023, the Court issued a minute order requiring Plaintiff and the Acting Commissioner to file their responses in opposition or statements of non-opposition to Counsel's motion, if any, by no later than May 2, 2023. (Doc. 31.) Plaintiff and the Acting Commissioner were served with copies of the motion for attorney's fees. (Doc. 30.)

On May 1, 2023, the Acting Commissioner filed a response, acknowledging that they were not a party to the contingent-fee agreement between Plaintiff and Counsel and therefore "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due

---

[1] On July 9, 2021, Kilolo Kijakazi was named Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html.  She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant").

benefits," and therefore taking "no position on the reasonableness of the request." (*See* Doc. 32 at 2, 4.) Plaintiff did not file any objection to the motion by the May 2, 2023, deadline, and no reply brief was filed. (*See* Docket).

For the reasons set forth below, Counsel's motion for an award of attorney's fees is granted in the amount of $24,950, subject to an offset of $9,350 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on August 4, 2021 (*see* Doc. 29).

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying their claim for disability benefits under the Social Security Act. (Doc. 1.) The Court reversed the Acting Commissioner's denial of benefits and remanded the case to the agency for further proceedings. (Doc. 26.) Judgment was entered in favor of Plaintiff and against the Acting Commissioner on May 3, 2021. (Doc. 27.) The parties stipulated to an award of $9,350.00 in attorney fees under EAJA, which was entered on August 4, 2021. (Docs. 28, 29.)

On remand, Plaintiff was found disabled as of October 1, 2014. (*See* Doc. 30-2 at 2.) On August 9, 2022, the Acting Commissioner issued a letter to Plaintiff approving her claim for disability benefits and awarding her $100,315 in back payments beginning August 2015. (*See* Doc. 30-2 at 1; Doc. 30 at 3 n.1.) On April 18, 2023, Counsel filed a motion for attorney's fees in the amount of $24,950, less than 25% of Plaintiff's back benefits ($25,078.75), with an offset of $9,350 for EAJA fees already awarded. (Doc. 30.) It is Counsel's motion for attorney's fees that is currently pending before the Court.

## III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

2

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Acting Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.[1]

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and Counsel, signed by both parties, provides in pertinent part:

> THE CLIENT authorizes JAF to seek fees from their past due benefits totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b), if the CLIENT is awarded benefits by the Court on appeal, or the Social Security Administration after the Court remands the case to the Social Security Administration for further proceedings.
>
> THE CLIENT agrees that the CLIENT is responsible for notifying JAF of any subsequent award of benefits following a Court remand order.
>
> THE CLIENT understands that 406(b) fees, because they are contingent on winning benefits and will not always be paid for court work, may result in the attorney receiving an hourly rate beyond the EAJA rate.
>
> JAF agrees that the CLIENT will be reimbursed the lesser of the EAJA fees or 406(b) fees, if both fees are awarded. This reimbursement may be made by either offsetting the 406(b) award by the amount of the EAJA fee OR by direct payment of the amount to the CLIENT.
>
> THE CLIENT understands that in cases where the EAJA fee has been withheld by the United States Treasury, the amount withheld will not be reimbursed as it has already been used for their benefit.
>
> THE CLIENT understands that if SSA does not withhold enough money to pay the 406(b) fees, the CLIENT will be responsible for payment of such fees, or JAF can request that SSA withhold such fees from future disability payments until the 406(b) fees arc paid in full.
>
> JAF agrees that the total amount of the 406(a) and 406(b) fees, combined, shall not exceed 25% of their back benefits except in the circumstance described below.
>
> THE CLIENT understands that if the Treasury seizes the EAJA fees to satisfy any of their debts, the CLIENT will be responsible for payment of the amount of the fee that was seized to JAF may do this by requesting 406(b) fees that, in combination with 406(a) fees, total more than 25% of the back benefits.
>
> THE CLIENT understands that the fees authorized by the Court for a successful appeal do not affect their agreement with any other attorney for representation before the Social Security Administration. Fees for the administrative level attorney, 406(a) fees, are totally separate from the fees for the work of JAF under EAJA and 406(b).
>
> THE CLIENT understands that the awards of attorney's fees depend on winning. If the CLIENT does not obtain remand, either for further proceedings or for

payment of benefits, then JAF will get no fees.

(Doc. 30-1 (signed January 30, 2020).)

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits. Counsel spent 49.8 hours representing Plaintiff, ultimately gaining a favorable decision in that the Acting Commissioner's decision was reversed and remanded to the agency for reconsideration. (Doc. 30 at 3, 4; Doc. 30-3 (time sheets accounting for 49.8 attorney hours spent representing Plaintiff before this Court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel, as Counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

The accepted fee range in the Fresno Division in non-contingency fee cases is between $475 and $575 for associate and $675 and $750 for senior counsel and partners. *See Mathein v. Pier 1 Imports (U.S.), Inc.*, No. 1:16-CV-00087-DAD-SAB, 2018 WL 1993727, at *11 (E.D. Cal. Apr. 27, 2018). *See also Emmons v. Quest Diagnostics Clinical Labs., Inc*., No. 1:13-CV-00474-DAD-BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) (accepting hourly rates between $330 and $550 for associates, and $500 and $720 for partners). Here, the effective hourly rate requested, $501, is within this range (*see* Doc. 30 at 4). This hourly rate is also not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV-S−06-0846-GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees

after *Crawford* is a dicey business"). Further, attorney's fees in the amount of $24,950 do not exceed, and are in fact less than, 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and Counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 30-1.) Working efficiently and effectively, Counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 26, 30-2.)

An award of attorney's fees in the amount of $24,950 is, therefore, appropriate. An award fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $9.350 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

## IV.     CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant to section 406(b) are reasonable.  Accordingly, IT IS ORDERED that:

1. Counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $24,950 (Doc. 30) is granted;

2. Counsel shall refund to Plaintiff $9,350 of the fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 29); and

3. Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address.

IT IS SO ORDERED.

Dated:   **May 15, 2023**                            /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE